LAW OFFICE OF WILLIAM E. KENNEDY
WILLIAM E. KENNEDY (CSB #158214)
2797 Park Avenue, Suite 201
Santa Clara, California 95050
(408) 241-1000 phone
(408) 241-1500 fax
willkennedy@pacbell.net

Attorney for Plaintiffs WILLIAM G. STEWART AND NANCY STEWART

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM G. STEWART AND NANCY STEWART,<br><br>        Plaintiffs<br><br>vs.<br><br>BAC HOME LOANS SERVICING, LP<br><br>        Defendant. | Case No.: 10-01225SI<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER GRANTING PLAINTIFFS LEAVE TO FILE A FIRST AMENDED COMPLAINT ADDING NEW PARTIES AND VACATING SCHEDULING ORDER** |

WHEREAS, the original complaint named only one defendant- BAC HOME LOANS SERVICING, LP ("BAC"), and alleged violations of the California Consumer Credit Reporting Agencies Act, California Civil Code §1785.25(a) and the Fair Credit Reporting Act, 15 U.S.C. §1681s-2b;

WHEREAS, the original complaint alleges that BAC violated 15 U.S.C. §1681s-2b by failing to conduct a reasonable investigation upon receiving plaintiffs' dispute of certain derogatory credit information from the credit reporting agencies, Trans Union, Equifax, and Experian;

WHEREAS, the Fair Credit Reporting Act, at 15 U.S.C. §1681i(a)(2)(B) requires credit reporting agencies such as Trans Union, Equifax and Experian to provide "all relevant information regarding the dispute that is received by the agency" to the furnisher of the disputed credit information - in this case BAC;

WHEREAS, during the course of discovery, plaintiffs obtained the documents which

STIPULATION AND [PROPOSED] ORDER GRANTING PLAINTIFFS LEAVE TO FILE A FIRST AMENDED
COMPLAINT ADDING NEW PARTIES AND VACATING SCHEDULING ORDER

1

contained the information regarding plaintiffs' various disputes which Trans Union, Experian and Equifax conveyed to Defendant BAC Home Loans Servicing LP.  These documents, known as Automated Consumer Dispute Verification forms ("ACDVs") were produced by BAC on or about October 11, 2010;

WHEREAS, on October 15, 2010, BAC produced a witness pursuant to Federal Rule of Civil Procedure 30(b)(6) to testify concerning the ACDV forms;

WHEREAS, the parties conducted an unsuccessful mediation on January 31, 2011;

WHEREAS, on February 7, 2011, plaintiffs propounded interrogatories to BAC to inquire as to whether BAC contends that the description of plaintiffs' dispute set forth in the ACDVs affected or impeded the nature of its investigation of the plaintiffs' disputes.

WHEREAS, defendant BAC objected to the interrogatories on various grounds;

WHEREAS, during the meet and confer process concerning the interrogatories, further communications were had between the parties concerning the adequacy of the ACDVs;

WHEREAS, plaintiffs contend that the credit reporting agencies did not provide "all relevant information regarding the dispute that is received by the agency" to BAC concerning plaintiffs' dispute, though BAC takes no position here regarding whether the credit reporting agencies complied with the Fair Credit Reporting Act or other applicable law;

WHEREAS, the parties are in agreement that plaintiffs should be allowed to file a First Amended Complaint attached as Exhibit A hereto, which, among other things, will add Trans Union, Equifax, and Experian as defendants and allege violations of 15 U.S.C. §1681i(a)(2)(B);

WHEREAS, the following scheduling order was set forth in a March 11, 2011 Order:

NON-EXPERT DISCOVERY CUTOFF: May 20, 2011.

DESIGNATION OF EXPERTS: 4/6/11;  REBUTTAL: 4/19/11.

EXPERT DISCOVERY CUTOFF: May 20, 2011.

DISPOSITIVE MOTIONS: filed by July 1, 2011; Opp. Due July 15, 2011; Reply Due July 22, 2011; and set for hearing no later than August 5, 2011 at 9:00 AM.

PRETRIAL CONFERENCE DATE: September 6, 2011 at 3:30 PM.

STIPULATION AND [PROPOSED] ORDER GRANTING PLAINTIFFS LEAVE TO FILE A FIRST AMENDED COMPLAINT ADDING NEW PARTIES AND VACATING SCHEDULING ORDER

2

JURY TRIAL DATE: September 19, 2011 at 8:30 AM.

WHEREAS, the parties agree that if the Court allows the proposed First Amended Complaint to be filed, the scheduling order should be vacated.

**SO STIPULATED**

Dated: April 5, 2011          LAW OFFICE OF WILLIAM E. KENNEDY

By:     /s/
        William E. Kennedy
        Attorneys for Plaintiffs WILLIAM G. STEWART and
        NANCY STEWART

Dated:  April 5, 2011          REED SMITH LLP

By:     /s/
        David S. Reidy
        Attorneys for Defendant BAC Home Loans LP

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

William E. Kennedy, attest that concurrence in the filing of this document has been obtained from the other signatories.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 5, 2011 at Santa Clara, California.

Dated: April 5, 2011          LAW OFFICE OF WILLIAM E. KENNEDY

By:     /s/
        William E. Kennedy
        Attorneys for Plaintiffs WILLIAM G. STEWART and
        NANCY STEWART

**ORDER**

Pursuant to stipulation, plaintiffs WILLIAM G. STEWART and NANCY STEWART may file the First Amended Complaint attached as Exhibit A within 5 court days of entry of this

STIPULATION AND [PROPOSED] ORDER GRANTING PLAINTIFFS LEAVE TO FILE A FIRST AMENDED COMPLAINT ADDING NEW PARTIES AND VACATING SCHEDULING ORDER

1  order.  The scheduling order in place in this matter is hereby vacated.
   A further CMC is set for 6/24/11 @ 3 p.m. A joint statment shall be flied one week prior to the conference.

2  Date: ___4/8/11_____          _____

3                                      Hon. Susan Illston
                                       United States District Court

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER GRANTING PLAINTIFFS LEAVE TO FILE A FIRST AMENDED
COMPLAINT ADDING NEW PARTIES AND VACATING SCHEDULING ORDER

4

EXHIBIT A

| | |
|---|---|
| 1 | LAW OFFICE OF WILLIAM E. KENNEDY |
| | WILLIAM E. KENNEDY (CSB #158214) |
| 2 | 2797 Park Avenue, Suite 201 |
| | Santa Clara, California 95050 |
| 3 | (408) 241-1000 phone |
| | (408) 241-1500 fax |
| 4 | willkennedy@pacbell.net |

Attorney for Plaintiffs WILLIAM G. STEWART AND NANCY STEWART

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM G. STEWART AND NANCY STEWART, | Case No.: 10-01225SI |
| Plaintiffs | **FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT AND THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT** |
| vs. | |
| BAC HOME LOANS SERVICING, LP; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANS UNION LLC | **JURY TRIAL DEMAND** |
| Defendants. | |

## JURISDICTION AND VENUE

1. Jurisdiction is proper in the Federal District Court pursuant to 28 U.S.C. §1331, on the basis that defendants, by an act or omission violated federal law, specifically the federal Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.*

2. Venue is proper in the Federal District Court of Northern California pursuant to 28 U.S.C. §1391, because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

3. At all material times, Plaintiffs WILLIAM G. STEWART AND NANCY STEWART were individuals residing in Marin County, California.

4. Plaintiffs are informed and believe that at all material times, defendant BAC HOME LOANS SERVICING, LP (hereinafter "Bank of America") is a Texas Limited

FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND

1

1 Partnership.

2   5.   Defendant Equifax Information Services LLC (hereinafter "Equifax") is a
3 "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

4   6.   Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is a
5 "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

6   7.   Defendant Trans Union LLC (hereinafter "Trans-Union") is a "consumer
7 reporting agency" as defined by 15 U.S.C. §1681a(f).

## FACTUAL BACKGROUND

8.   In early 2007, plaintiffs took out a home equity line of credit from SBMC Mortgage and drew approximately $84,000 from the credit line.

9.   The terms of the home equity line of credit allowed plaintiffs to make interest only payments.

10.   In May 2007, the line of credit was assigned to Countrywide Savings. For unknown reasons Countrywide Savings sent monthly statements to plaintiffs which requested payment of principal and interest, rather than just interest. Although plaintiffs were only obligated to pay interest, they paid principal and interest for several months. However, after discovering this billing error in approximately November 2008, plaintiffs notified Countrywide that they would only make interest payments. Beginning in December 2008, plaintiffs made interest-only payments. Countrywide, which apparently continued to expect to receive principal and interest payments considered plaintiffs' loan to be delinquent and in subsequent monthly statements, informed plaintiffs that they were past due.

11.   Mr. Stewart contacted Countrywide and again informed its representatives that the line of credit required only interest payments. Ultimately, an audit was done on plaintiffs' account. Countrywide acknowledged their continuing mistake and apologized to Mr. Stewart. Mr. Stewart was told not to make payments until the audit was completed since the account was overpaid. Throughout this process, Mr. Stewart spent many hours and experienced numerous

FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND

2

transfers from many different departments, supervisors, and divisions.

12. In approximately May 2009, Bank of America acquired Countrywide and all further actions concerning the account were taken by Bank of America.

13. In June 2009, Bank of America issued a notice of intent to accelerate the loan to plaintiffs.

14. Mr. Stewart again spent numerous hours on the telephone with Bank of America, explaining the situation to numerous employees who offered different explanations of why the problem was occurring. Mr. Stewart was told not to worry, and was assured that there were notes in the computer that the account was not marked delinquent. Mr. Stewart was also assured that he had not been given any negative blemishes on his credit.

15. In July 2009, Mr. Stewart received notification from Wells Fargo that due to derogatory information on his credit reports, it had frozen their equity line with them.

16. Bank of America also sent a letter to plaintiffs stating that it was freezing plaintiffs' line of credit due to alleged late payments.

17. Mr. Stewart then discovered that Bank of America had, in fact, reported delinquencies on his account. Specifically, Bank of America reported late payments on plaintiffs' line of credit in January, February, and June, 2009. These reports were made with respect to both Mr. and Mrs. Stewart.

18. On August 14, 2009, Mr. Stewart submitted a dispute letter to the three major credit reporting agencies – Trans Union, Experian, and Experian. On August 17, 2009, Mr. Stewart submitted the same dispute letter to Bank of America. The letter again explained that plaintiffs were being improperly billed for interest and principal payments, leading to the derogatory credit report.

19. Thereafter, pursuant to the requirements of the Fair Credit Reporting Act, 15 U.S.C. §1681i(a)(2), each of the three credit reporting agencies conveyed Mr. Stewart's dispute to Bank of America.

20. Bank of America verified to each of the three credit reporting agencies that the derogatory information which it was reporting concerning Mr. Stewart was correct.

FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND

3

21. Thereafter, each of the three credit reporting agencies reported back to Mr. Stewart that the derogatory credit would not be removed from his credit report.

22. On November 12, 2009, plaintiffs again sent a comprehensive dispute letter to the credit reporting agencies.

23. The November 12, 2009 letter was also sent to Bank of America.

24. The letter explained the history of the dispute, and requested that the derogatory information be removed from plaintiffs' credit reports.

25. Thereafter, pursuant to the requirements of the Fair Credit Reporting Act, 15 U.S.C. §1681i(a)(2), plaintiffs are informed and believe that each of the three credit reporting agencies conveyed Mr. Stewart's dispute to Bank of America.

26. Bank of America verified to each of the three credit reporting agencies that the derogatory information which it was reporting concerning plaintiffs was correct.

27. Thereafter, each of the three credit reporting agencies reported back to both plaintiffs that the derogatory credit would not be removed from their respective credit reports.

28. On December 14, 2009 Bank of America sent a letter to plaintiffs informing them that "We are in the process of obtaining the documentation and information necessary to address your questions and concerns.  We will provide a more complete response within twenty (20) business days."

29. On December 21, 2009, plaintiffs again sent a comprehensive dispute letter to the credit reporting agencies and Bank of America. The letter explained the history of the dispute, and again requested that the derogatory information be removed from plaintiffs' credit reports.

30. Thereafter, pursuant to the requirements of the Fair Credit Reporting Act, 15 U.S.C. §1681i(a)(2), plaintiffs are informed and believe that Trans Union and Equifax  conveyed plaintiffs' dispute to Bank of America.

31. In response to plaintiffs' December 21, 2009 correspondence, Experian responded to William and Nancy Stewart as follows:

> We are responding to your request to verify item(s) on your personal credit report.  We have already investigated this information and the credit grantor has verified its accuracy.  Please refer to the personal credit report you received for this name, phone number, and address of the credit grantor who verified this information.  Pursuant to Section

FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND

4

611(a)(3)(A) of the Fair Credit Reporting Act, we will not be investigating your dispute again at this time.

32. Pursuant to 15 U.S.C. §1681i, Experian was required to conduct an investigation by forwarding plaintiffs' dispute to Bank of America. The investigation could be terminated pursuant to section 611(a)(3)(A) of the Fair Credit Reporting Act (15 U.S.C. §1681i(a)(3)(A)) only if Experian reasonably determined that the dispute by the consumer was frivolous or irrelevant.

33. Bank of America verified to Experian and Trans Union that the derogatory information which it was reporting concerning plaintiffs was correct.

34. Thereafter, Experian and Trans Union reported back to both plaintiffs that the incorrect information had been verified, and that the derogatory credit would not be removed from their respective credit reports.

35. On January 26, 2010, Bank of America sent a letter to plaintiffs informing them that "We are in the process of obtaining the documentation and information necessary to address your questions and concerns. We will provide a more complete response within twenty (20) business days."

36. In late January 2010, plaintiffs sent a certified letter to Bank of America asking them if they had made a decision yet as to how their matter would be resolved, and resubmitting the December 21, 2009 dispute letter. The letter was received by Bank of America on January 29, 2010.

37. On February 5, 2010, Bank of America sent a letter to plaintiffs which stated: "Our records reflect your payments were delinquent for those months. Consequently, we are unable to grant your request to remove the negative remarks on your credit file." Although the letter was dated in February 2010, the letter stated "Your next payment is due on September 25, 2009."

38. The February 5, 2010 letter also states that a loan history had been mailed to plaintiffs under separate cover.

39. A loan history was mailed to plaintiffs which showed numerous adjustments and reversals to plaintiffs' account.

FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND

5

40. On February 11, 2010, Bank of America sent a letter to Mr. Stewart requesting more time to reply.

41. On February 25, 2010, Bank of America sent a letter to plaintiffs informing them that "We are in the process of obtaining the documentation and information necessary to address your questions and concerns. We will provide a more complete response within twenty (20) business days."

42. On April 12, 2010, Bank of America sent a letter to plaintiffs informing them that "We are in the process of obtaining additional information to complete the research to address your concerns. Please allow an additional twenty (2) business days for a response to be sent."

43. During this process, and after plaintiffs first disputed the information on their credit report with the credit reporting agencies, plaintiffs attempted to refinance several properties to take advantage of historically low interest rates which were available. Because of the credit blemishes, plaintiffs did not qualify for the low interest rates. Accordingly, plaintiffs suffered substantial money damages.

**FIRST CLAIM FOR RELIEF AGAINST BANK OF AMERICA**
**(Fair Credit Reporting Act – 15 U.S.C. §1681s-2b)**

44. Plaintiffs incorporate all other paragraphs as though fully set forth herein.

45. 15 U.S.C. §1681s-2b explains the responsibilities of furnishers of credit information after they have been notified by a credit reporting agency that the consumer disputes the credit information provided by the furnisher. Upon receiving notice of a dispute, the furnisher is to review all relevant information provided by the consumer reporting agency, conduct a reasonable investigation and report the results to the appropriate consumer reporting agencies. The consumer may bring a cause of action against the furnisher if it does not comply with the provisions of 15 U.S.C. §1681s-2b.

46. Plaintiffs communicated their dispute regarding the derogatory credit information to the Equifax, Experian and Trans Union on multiple occasions. Thereafter, plaintiffs are informed and believe that each of these credit reporting agencies notified Bank of America of the dispute in accordance with 15 U.S.C. §1681i(a)(2).

FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND

6

47. Thereafter, plaintiffs are informed and believe that each of the 12+ times it was notified of a dispute by a credit reporting agency, Bank of America failed to review all relevant information provided by the credit reporting agencies and/or conduct a reasonable investigation to ascertain whether the derogatory information it had reported was incomplete or inaccurate, in violation of 15 U.S.C. §1681s-2b.

48. In addition, plaintiffs are informed and believe that Bank of America notified the credit reporting agencies that the derogatory credit information reported with respect to the plaintiffs was correct, and failed to notify the credit reporting agencies that the account was disputed.

49. Plaintiffs are informed and believe that the violation of 15 U.S.C. §1681s-2b by Bank of America was willful. In the alternative, plaintiffs are informed and believe that the violation of 15 U.S.C. §1681s-2b by Bank of America was negligent.

50. Bank of America's violations of 15 U.S.C. §1681s-2b caused damages in an amount to be proven at trial.

### SECOND CLAIM FOR RELIEF AGAINST BANK OF AMERICA
**(California Consumer Credit Reporting Agencies Act --Civil Code §1785.25(a))**

51. Plaintiffs incorporate all other paragraphs as though fully set forth herein.

52. Bank of America violated Civil Code §1785.25(a) by reporting credit information to consumer credit reporting agencies, as that term is defined at Civil Code §1785.3(d). which it knew or should have known was incomplete or inaccurate

53. Plaintiffs are informed and believe that the violation of Civil Code §1785.25(a) by defendant was willful and in accordance with defendant's standard business procedures. In the alternative, plaintiffs are informed and believe that the violation of Civil Code §1785.25(a) by defendant was negligent.

54. Defendant's violations of the California Consumer Credit Reporting Agencies Act caused damages in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF AGAINST EQUIFAX, EXPERIAN, AND TRANS UNION

FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND

7

**(Fair Credit Reporting Act – 15 U.S.C. §1681i(a)(2)(B))**

55. Plaintiffs incorporate all other paragraphs as though fully set forth herein.

56. Pursuant to the Fair Credit Reporting Act, at 15 U.S.C. §1681i(a)(2)(B), upon receiving a dispute from the Stewarts concerning the derogatory credit information the three credit reporting agencies were required to provide "all relevant information regarding the dispute that is received by the agency" to the furnisher of the disputed credit information - in this case Bank of America.

57. Neither Equifax, Experian, nor Trans Union complied with 15 U.S.C. §1681i(a)(2)(B). Rather, in response to receipt of a dispute letter from plaintiffs, the credit reporting agencies generated and conveyed an Automated Consumer Dispute Verification form ("ACDV") to Bank of America. At least twelve ACDV forms were generated and conveyed to Bank of America by the credit reporting agencies. In no case, did the credit reporting agencies convey the dispute letter received from plaintiffs to Bank of America. The ACDV forms generated did not explain the nature of plaintiffs' dispute. Instead, the forms merely represented the plaintiffs' disputes as a generic "Dispute Code." Most of the ACDVs generated by the credit reporting agencies used the "106" Dispute Code, which translates to "disputes present/previous account status."

58. On some of the ACDVs, the ACDVs included a section for text which purportedly explained the nature of the dispute. The text provided, however, was nonsensical, or incomplete. For example, in some ACDVs, the credit reporting agencies appeared to reproduce one out-of-context sentence from the Stewarts' dispute letters.

59. Plaintiffs are informed and believe that each of the credit reporting agencies routinely violate 15 U.S.C. §1681i(a)(2)(B) by failing to provide "all relevant information regarding the dispute that is received by the agency" to the credit reporting agencies. Plaintiffs are informed and believe that credit reporting agencies routinely use ACDVs to convey consumer disputes to furnishers of disputed credit information, when the ACDVs are inadequate to convey the nature and reasons for the consumers' dispute.

60. Plaintiffs are informed and believe that the violations of 15 U.S.C.

FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND

8

§1681i(a)(2)(B) by the credit reporting agencies was willful.  In the alternative, plaintiffs are informed and believe that the violations of 15 U.S.C. §1681i(a)(2)(B) by the credit reporting agencies was negligent.

61. The credit reporting agencies' violations of 15 U.S.C. §1681i(a)(2)(B) caused damages in an amount to be proven at trial.

### FOURTH CLAIM FOR RELIEF AGAINST EXPERIAN
### (Fair Credit Reporting Act – 15 U.S.C. §1681i)

62. Plaintiffs incorporate all other paragraphs as though fully set forth herein.

63. Pursuant to 15 U.S.C. §1681i, Experian was required to conduct an investigation in response to plaintiffs' December 14, 2009 dispute letter, and was required to forward plaintiffs' dispute to Bank of America.  Experian failed to conduct the required investigation, wrongfully citing section 611(a)(3)(A) of the Fair Credit Reporting Act (15 U.S.C. §1681i(a)(3)(A)) which only allows credit reporting agencies to terminate investigation of a consumer dispute if it reasonably determines that the dispute by the consumer is frivolous or irrelevant.  Plaintiffs' dispute was not frivolous or irrelevant, and Plaintiffs are informed and believe that Experian either made no such determination, or unreasonably made such a determination.

64. Plaintiffs are informed and believe that the violation of 15 U.S.C. §1681i by Experian was willful.  In the alternative, plaintiffs are informed and believe that the violation of 15 U.S.C. §1681i by Experian was negligent.

65. Experian's violation of 15 U.S.C. §1681i caused damages in an amount to be proven at trial.

### PRAYER FOR RELIEF

THEREFORE, Plaintiffs pray that the Court grant the following relief:

**Against Bank of America:**

a) Actual damages, including emotional distress, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, and Civil Code §1685.31(a);

FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND

9

b) Punitive damages pursuant to 15 U.S.C. §1681n(a)(2) and Civil Code §1785.31(a)(2)(B);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n(c) and Civil Code §1785.31(a)(1) and §1785.31(d).

d) For such other and further relief as the Court deems just and proper.

**Against Equifax, Experian, and Trans Union:**

a) Actual damages, including emotional distress, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o.

b) Punitive damages pursuant to 15 U.S.C. §1681n(a)(2);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n(c) and Civil Code §1785.31(a)(1) and §1785.31(d).

e) For such other and further relief as the Court deems just and proper.

Dated: April 5, 2011                LAW OFFICE OF WILLIAM E. KENNEDY

                                    /s/
                                    William E. Kennedy
                                    Attorney for Plaintiffs WILLIAM G. STEWART
                                    AND NANCY STEWART

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiffs demand a trial by jury in this action.

Dated: April 5, 2011                LAW OFFICE OF WILLIAM E. KENNEDY

                                    /s/
                                    William E. Kennedy
                                    Attorney for Plaintiffs WILLIAM G. STEWART
                                    AND NANCY STEWART

FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND

10