Michael G. Morgan (State Bar No. 170611)
mgmorgan@jonesday.com
Jason C. Wright (State Bar No. 261471)
jcwright@JonesDay.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA  90071-2300
Telephone:     (213) 489-3939
Facsimile:     (213) 243-2539

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **WILLIAM G. STEWART AND NANCY STEWART,**<br><br>        **Plaintiffs,**<br><br>        **v.**<br><br>**BAC HOME LOANS SERVICING, LP; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANS UNION LLC,**<br><br>        **Defendants.** | Case No. 10-01225 SI<br><br>Assigned to the Honorable Susan Illston<br><br><br>**SECOND AMENDED STIPULATED PROTECTIVE ORDER (FOR HIGHLY SENSITIVE/ CONFIDENTIAL INFORMATION)** |

LAI-3151200v1

1    Subject to the approval of the Court, Plaintiffs William G. Stewart and Nancy Stewart, by

2   and through their undersigned counsel, and Defendants BAC Home Loans Servicing, LP, Equifax

3   Information Services, LLC, Experian Information Solutions, Inc., and Trans Union LLC, by and

4   through its undersigned counsel, hereby stipulate to the following Protective Order.  It is the

5   parties intention that this Order shall supersede and replace all prior protective orders in place in

6   this matter:

7       1.      PURPOSES AND LIMITATIONS

8           Disclosure and discovery activity in this action are likely to involve production of

9   confidential, proprietary, or private information for which special protection from public

10  disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

11  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Second

12  Amended Stipulated Protective Order.  The parties acknowledge that this Order does not confer

13  blanket protections on all disclosures or responses to discovery and that the protection it affords

14  from public disclosure and use extends only to the limited information or items that are entitled to

15  confidential treatment under the applicable legal principles.  The parties further acknowledge, as

16  set forth in Section 14.4, below, that this Order does not entitle them to file confidential

17  information under seal; Civil Local Rule 79-5 and the Court's Standing Order set forth the

18  procedures that must be followed and the standards that will be applied when a party seeks

19  permission from the Court to file material under seal.

20      2.      DEFINITIONS

21          2.1     Challenging Party: a Party or Non-Party that challenges the designation of

22  information or items under this Order.

23          2.2     "CONFIDENTIAL" Information or Items: information (regardless of how

24  it is generated, stored or maintained) or tangible things that qualify for protection under Federal

25  Rule of Civil Procedure 26(c).

26          2.3     Counsel (without qualifier): Outside Counsel of Record and House

27  Counsel (as well as their support staff).

28

LAI-3151200v1

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     House Counsel: attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.11    Party: any Party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.     SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.     DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

1    the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

2    including the time limits for filing any motions or applications for extension of time pursuant to

3    applicable law.

4          5.      DESIGNATING PROTECTED MATERIAL

5          5.1    Exercise of Restraint and Care in Designating Material for Protection.

6    Each Party or Non-Party that designates information or items for protection under this Order must

7    take care to limit any such designation to specific material that qualifies under the appropriate

8    standards.  To the extent it is practical to do so, the Designating Party must designate for

9    protection only those parts of material, documents, items, or oral or written communications that

10   qualify – so that other portions of the material, documents, items, or communications for which

11   protection is not warranted are not swept unjustifiably within the ambit of this Order.

12         Mass, indiscriminate, or routinized designations are prohibited. Designations that

13   are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

14   unnecessarily encumber or retard the case development process or to impose unnecessary

15   expenses and burdens on other parties) expose the Designating Party to sanctions.

16         If it comes to a Designating Party's attention that information or items that it

17   designated for protection do not qualify for protection at all or do not qualify for the level of

18   protection initially asserted, that Designating Party must promptly notify all other parties that it is

19   withdrawing the mistaken designation.

20         5.2    Manner and Timing of Designations. Except as otherwise provided in this

21   Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

22   Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

23   designated before the material is disclosed or produced.

24   Designation in conformity with this Order requires:

25         (a)    for information in documentary form (e.g., paper or electronic documents,

26   but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

27   Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

28   EYES ONLY" to each page that contains protected material. If only a portion or portions of the

1   material on a page qualifies for protection, the Producing Party also must clearly identify the

2   protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for

3   each portion, the level of protection being asserted.

4            A Party or Non-Party that makes original documents or materials available for

5   inspection need not designate them for protection until after the inspecting Party has indicated

6   which material it would like copied and produced. During the inspection and before the

7   designation, all of the material made available for inspection shall be deemed "HIGHLY

8   CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the

9   documents it wants copied and produced, the Producing Party must determine which documents,

10  or portions thereof, qualify for protection under this Order.  Then, before producing the specified

11  documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or

12  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains

13  Protected Material. If only a portion or portions of the material on a page qualifies for protection,

14  the Producing Party also must clearly identify the protected portion(s) (e.g., by making

15  appropriate markings in the margins) and must specify, for each portion, the level of protection

16  being asserted.

17            (b)      for testimony given in deposition or in other pretrial or trial proceedings,

18  that the Designating Party identify on the record, before the close of the deposition, hearing, or

19  other proceeding, all protected testimony and specify the level of protection being asserted.

20  When it is impractical to identify separately each portion of testimony that is entitled to protection

21  and it appears that substantial portions of the testimony may qualify for protection, the

22  Designating Party may invoke on the record (before the deposition, hearing, or other proceeding

23  is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to

24  which protection is sought and to specify the level of protection being asserted.  Only those

25  portions of the testimony that are appropriately designated for protection within the 21 days shall

26  be covered by the provisions of this Order.  Alternatively, a Designating Party may specify, at the

27  deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript

28

1   shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

2   ONLY."

3               Parties shall give the other parties notice if they reasonably expect a deposition,

4   hearing or other proceeding to include Protected Material so that the other parties can ensure that

5   only authorized individuals who have signed the "Acknowledgment and Agreement to Be

6   Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a

7   deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

8   CONFIDENTIAL – ATTORNEYS' EYES ONLY."

9               Transcripts containing Protected Material shall have an obvious legend on the title

10  page that the transcript contains Protected Material, and the title page shall be followed by a list

11  of all pages (including line numbers as appropriate) that have been designated as Protected

12  Material and the level of protection being asserted by the Designating Party.  The Designating

13  Party shall inform the court reporter of these requirements.  Any transcript that is prepared before

14  the expiration of a 21-day period for designation shall be treated during that period as if it had

15  been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety

16  unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as

17  actually designated.

18               (c)      for information produced in some form other than documentary and for any

19  other tangible items, that the Producing Party affix in a prominent place on the exterior of the

20  container or containers in which the information or item is stored the legend "CONFIDENTIAL"

21  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions

22  of the information or item warrant protection, the Producing Party, to the extent practicable, shall

23  identify the protected portion(s) and specify the level of protection being asserted.

24               5.3      Inadvertent Failures to Designate.    If timely corrected, an inadvertent

25  failure to designate qualified information or items does not, standing alone, waive the Designating

26  Party's right to secure protection under this Order for such material.  Upon timely correction of a

27  designation, the Receiving Party must make reasonable efforts to assure that the material is

28  treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to

1    make such a motion including the required declaration within 21 days (or 14 days, if applicable)

2    shall automatically waive the confidentiality designation for each challenged designation. In

3    addition, the Challenging Party may file a motion challenging a confidentiality designation at any

4    time if there is good cause for doing so, including a challenge to the designation of a deposition

5    transcript or any portions thereof. Any motion brought pursuant to this provision must be

6    accompanied by a competent declaration affirming that the movant has complied with the meet

7    and confer requirements imposed by the preceding paragraph.

8           The burden of persuasion in any such challenge proceeding shall be on the

9    Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass

10   or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party

11   to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing

12   to file a motion to retain confidentiality as described above, all parties shall continue to afford the

13   material in question the level of protection to which it is entitled under the Producing Party's

14   designation until the Court rules on the challenge.

15        7.    ACCESS TO AND USE OF PROTECTED MATERIAL

16          7.1    Basic Principles. A Receiving Party may use Protected Material that is

17   disclosed or produced by another Party or by a Non-Party in connection with this case only for

18   prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

19   disclosed only to the categories of persons and under the conditions described in this Order.

20   When the litigation has been terminated, a Receiving Party must comply with the provisions of

21   section 15 below (FINAL DISPOSITION).

22          Protected Material must be stored and maintained by a Receiving Party at a

23   location and in a secure manner that ensures that access is limited to the persons authorized under

24   this Order.

25          7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

26   ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

27   disclose any information or item designated "CONFIDENTIAL" only to:

28

1         (a)    the Receiving Party's Outside Counsel of Record in this action, as well as

2   employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

3   information for this litigation and who have signed the "Acknowledgment and Agreement to Be

4   Bound" that is attached hereto as Exhibit A;

5         (b)    the officers, directors, and employees (including House Counsel) of the

6   Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

7   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

8         (c)    Experts (as defined in this Order) of the Receiving Party to whom

9   disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

10   and Agreement to Be Bound" (Exhibit A);

11         (d)    the Court and its personnel;

12         (e)    court reporters and their staff, professional jury or trial consultants, and

13   Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

14   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

15         (f)    during their depositions, witnesses in the action to whom disclosure is

16   reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

17   (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of

18   transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

19   separately bound by the court reporter and may not be disclosed to anyone except as permitted

20   under this Stipulated Protective Order.

21         (g)    the author or recipient of a document containing the information or a

22   custodian or other person who otherwise possessed or knew the information.

23        7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS EYES

24   ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by

25   the Designating Party, a Receiving Party may disclose any information or item designated

26   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

27         (a)    the Receiving Party's Outside Counsel of Record in this action, as well as

28   employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

1  information for this litigation and who have signed the "Acknowledgment and Agreement to Be

2  Bound" that is attached hereto as Exhibit A;

3        (b)    Designated House Counsel of the Receiving Party (1) who has no

4  involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for

5  this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

6  A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been

7  followed;

8        (c)    Experts of the Receiving Party (1) to whom disclosure is reasonably

9  necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be

10  Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below,

11  have been followed;

12        (d)    the Court and its personnel;

13        (e)    court reporters and their staff, professional jury or trial consultants, and

14  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

15  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

16        (f)    the author or recipient of a document containing the information or a

17  custodian or other person who otherwise possessed or knew the information.

18        7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY

19  CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items to Designated House

20  Counsel or Experts.

21        (a) (1) Unless otherwise ordered by the Court or agreed to in writing by the

22  Designating Party, a Party that seeks to disclose to Designated House Counsel any information or

23  item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

24  pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that

25  (1) sets forth the full name of the Designated House Counsel and the city and state of his or her

26  residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable

27  future primary job duties and responsibilities in sufficient detail to determine if House Counsel is

28  involved, or may become involved, in any competitive decision-making.

(a)(2) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)　A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)　A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

1   seeking permission from the Court to do so.  Any such motion must describe the circumstances

2   with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or

3   the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and

4   suggest any additional means that could be used to reduce that risk.  In addition, any such motion

5   must be accompanied by a competent declaration describing the parties' efforts to resolve the

6   matter by agreement (i.e., the extent and the content of the meet and confer discussions) and

7   setting forth the reasons advanced by the Designating Party for its refusal to approve the

8   disclosure.

9          In any such proceeding, the Party opposing disclosure to Designated House

10   Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure

11   would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose

12   the Protected Material to its Designated House Counsel or Expert.

13      8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

14   OTHER LITIGATION

15          If a Party is served with a subpoena or a court order issued in other litigation that

16   compels disclosure of any information or items designated in this action as "CONFIDENTIAL"

17   or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

18          (a)    promptly notify in writing the Designating Party.  Such notification shall

19   include a copy of the subpoena or court order;

20          (b)    promptly notify in writing the party who caused the subpoena or order to

21   issue in the other litigation that some or all of the material covered by the subpoena or order is

22   subject to this Protective Order.  Such notification shall include a copy of this Order; and

23          (c)    cooperate with respect to all reasonable procedures sought to be pursued by

24   the Designating Party whose Protected Material may be affected.

25          If the Designating Party timely seeks a protective order, the Party served with the

26   subpoena or court order shall not produce any information designated in this action as

27   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a

28   determination has been made by the court from which the subpoena or order issued, unless the

1   Party has obtained the Designating Party's permission.  The Designating Party shall bear the

2   burden and expense of seeking protection in that court of its confidential material, and nothing in

3   these provisions should be construed as authorizing or encouraging a Receiving Party in this

4   action to disobey a lawful directive from another court.

5        9.       A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED

6   IN THIS LITIGATION

7            (a)      The terms of this Order are applicable to information produced by a Non-

8   Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

9   ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with

10   this litigation is protected by the remedies and relief provided by this Order.  Nothing in these

11   provisions should be construed as prohibiting a Non-Party from seeking additional protections.

12            (b)      In the event that a Party is required, by a valid discovery request, to

13   produce a Non-Party's confidential information in its possession, and the Party is subject to an

14   agreement with the Non-Party not to produce the Non-Party's confidential information, then the

15   Party shall:

16                 1.      promptly notify in writing the Requesting Party and the Non-Party

17   that some or all of the information requested is subject to a confidentiality agreement with a Non-

18   Party;

19                 2.      promptly provide the Non-Party with a copy of the Second

20   Amended Stipulated Protective Order in this litigation, the relevant discovery request(s), and a

21   reasonably specific description of the information requested; and

22                 3.      make the information requested available for inspection by the

23   Non-Party.

24            (c)      If the Non-Party fails to object or seek a protective order from this Court

25   within 14 days of receiving the notice and accompanying information, the Receiving Party may

26   produce the Non-Party's confidential information responsive to the discovery request.  If the

27   Non-Party timely seeks a protective order, the Receiving Party shall not produce any information

28   in its possession or control that is subject to the confidentiality agreement with the Non-Party

LAI-3151200v1

before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall

bear the burden and expense of seeking protection in this court of its Protected Material.

### 10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

Material to any person or in any circumstance not authorized under this Order, the Receiving

Party must immediately (a) notify in writing the Designating Party of the unauthorized

disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material,

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

this Order, and (d) request such person or persons to execute the "Acknowledgment and

Agreement to Be Bound" that is attached hereto as Exhibit A.

### 11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently

produced material is subject to a claim of privilege or other protection, the obligations of the

Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

### 12.   MISCELLANEOUS

12.1   Right to Further Relief. Nothing in this Order abridges the right of any

person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Order,

no Party waives any right it otherwise would have to object to disclosing or producing any

information or item on any ground not addressed in this Order.  Similarly, no Party waives any

right to object on any ground to use in evidence of any of the material covered by this Order.

12.3   Filing Protected Material. Without written permission from the Designating

Party or a court order secured after appropriate notice to all interested persons, a Party may not

file in the public record in this action any Protected Material.  A Party that seeks to file under seal

any Protected Material must comply with Civil Local Rule 79-5 and/or the Court's Standing

Order.

LAI-3151200v1

- 15 -

13.   <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).


IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED:  November 9, 2011            LAW OFFICE OF WILLIAM E. KENNEDY


By_____/s/_____
    William E. Kennedy
    Attorneys for Plaintiffs
    William G. Stewart and Nancy Stewart

DATED: November 9, 2011                    KING & SPALDING LLP


                                           By      /s/
                                              Keasha Ann Broussard
                                              Attorney for Defendant
                                              Equifax Information Services, LLC


DATED: November 9, 2011                    NOKES & QUINN


                                           By      /s/
                                              Thomas P. Quinn
                                              Attorney for Defendant
                                              Equifax Information Services, LLC


DATED: November 9, 2011                    JONES DAY


                                           By      /s/
                                              Michael Gregory Morgan
                                              Attorney for Defendant
                                              Experian Information Solutions, Inc.


DATED: November 9, 2011                    SCHUCKIT AND ASSOCIATES, P.C.


                                           By      /s/
                                              Karen B. Reisinger
                                              Attorneys for Defendant
                                              Transunion LLC

## ATTESTATION PURSUANT TO GENERAL ORDER 45

I, Jason Wright, am the ECF User whose ID and password are being used to file this SECOND AMENDED STIPULATED PROTECTIVE ORDER (FOR HIGHLY SENSITIVE/CONFIDENTIAL DOCUMENTS).  In compliance with General Order 45.X.B, I hereby attest that concurrence in the filing of this document has been obtained from the other signatories.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 9th day of November, 2011, at Los Angeles, California.

By: _____
                 Jason Wright

1

**ORDER**

2

3    PURSUANT TO STIPULATION, IT IS SO ORDERED.

4

5    Dated:___11/15/11_____

Hon. Susan Illston
United States District Court Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAI-3151200v1

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I

have read in its entirety and understand the Second Amended Stipulated Protective Order that was

issued by the United States District Court for the Northern District of California on

_____ [date] in the case of *Stewart v. BAC Home Loans, Servicing, LP, et al*, Case No.

CV 10-01225 SI . I agree to comply with and to be bound by all the terms of this Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Northern District of California for the purpose of enforcing the terms of this Order, even if

such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my California

agent for service of process in connection with this action or any proceedings related to

enforcement of this Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____
                            [printed name]

Signature:_____
                            [signature]

LAI-3151200v1

- 20 -

# PROOF OF SERVICE

I, Diane E. Finegan, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300. On November 9, 2011, I served a copy of the within document(s):

**SECOND AMENDED STIPULATED PROTECTIVE ORDER**
**(FOR HIGHLY SENSITIVE/CONFIDENTIAL INFORMATION)**

☐　by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐　by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a agent for delivery.

☒　by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 9, 2011, at Los Angeles, California.

_____
Diane E. Finegan

1

## SERVICE LIST

2

Lucius Wallace
Robert David Humphreys
3  Paul Catalano
Humphreys Wallace Humphreys, P.C.
4  9202 S Toledo Avenue
Tulsa, OK 74137
5  918-747-5300
Fax: 918-747-5311
6  Email: luke@hwh-law.com
david@hwh-law.com
7

William Eric Kennedy
8  Law Offices of William E. Kennedy
2797 Park Avenue
9  Suite 201
Santa Clara, CA 95050
10  408-241-1000
Fax: 408-241-1500
11  Email: wkennedy@kennedyconsumerlaw.com

12

13  Matthew James Brady
Amy Lifson-Leu
14  David S. Reidy
Molly Alissa Taylor
15  Reed Smith
101 2nd St , Suite 1800
16  San Francisco, CA 94105
415-543-8700
17  Email: mbrady@reedsmith.com
alifsonleu@reedsmith.com
18  dreidy@reedsmith.com
mataylor@reedsmith.com
19

20  K. Ann Broussard
King & Spalding LLP
21  1180 Peachtree Street
Atlanta, GA 30309
22  404-215-5725
Fax: 404-572-5100
23  Email: ABroussard@kslaw.com

24  Thomas P. Quinn
Nokes & Quinn
25  410 Broadway, Suite 200
Laguna Beach, CA 92651
26  949-376-3500
Fax: 949-376-3070
27  Email: tquinn@nokesquinn.com

28

Attorneys for *William Stewart and Nancy Stewart*

Attorneys for *BAC Home Loans Servicing, LP*

Attorneys for *Equifax Information Services, LLC.*

LAI-3144318v1

- 2 -

PROOF OF SERVICE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Karen B. Reisinger
Timothy McKay
Schuckit and Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077
317-363-2400
Fax: 317-363-2557
Email: kreisinger@schuckitlaw.com

Attorneys for *Trans Union*

LAI-3144318v1

- 3 -

PROOF OF SERVICE