IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIAM G. STEWART, *et al*.,　　　　　　　　　No. C 10-1225 SI

　　　　　Plaintiffs,　　　　　　　　　　　　　　**ORDER RE: DISCOVERY**

　　v.

BAC HOME LOANS SERVICING, LP., *et al.*,
　　　　　Defendants.
　　　　　　　　　　　　　　　　　　　　/

A dispute has arisen between plaintiffs and defendant Trans Union regarding the topics for a Rule 30(b)(6) deposition of a Trans Union witness. The deposition is scheduled for January 26, 2012. On January 20, 2012, plaintiffs submitted a letter brief setting forth their position, and attaching defendant Trans Union's objections to the Rule 30(b)(6) deposition notice. Docket No. 109. Plaintiffs state that counsel met and conferred twice about this dispute, that the parties were not able to agree to the timing of submitting a joint statement, and thus plaintiffs submitted the January 20, 2012 statement. The parties are directed to comply with this Court's standing order, which requires the filing of a joint statement, in the event of a future discovery dispute.

**I.　　Topics 12, 13 and 15**

Topics 12, 13 and 15 cover: (1) "The effect upon any credit scores created by You of a notification from a furnisher of derogatory credit information that the derogatory credit information is disputed" (topic 12); (2) "Nature of any information, including credit scores, You provided to Land America and/or Equifax Mortgage and/or All California Mortgage on or about August 7, 2009 concerning William or Nancy Stewart" (topic 13); and (3) "Credit scores concerning William or Nancy

Stewart that You created or compiled at any time between July 2008 and the present" (topic 15).

Trans Union objects that these topics are irrelevant because they are not strictly limited to plaintiffs' claim against Trans Union that Trans Union did not provide Bank of America with all information relevant to the Bank of America credit dispute between November 17, 2009 and December 30, 2009. Trans Union also objects that these topics are not phrased with reasonable particularity as required by Rule 30(b)(6), and therefore that responding to these topics will be burdensome.

Plaintiffs respond that these topics are relevant to their claims against defendant Bank of America[1] that Bank of America violated the law by reporting credit information which it knew or should have known was inaccurate or incomplete. Plaintiffs contend that their credit scores were substantially reduced by Bank of America's false reporting of late payments at the same time that plaintiffs disputed the account. Plaintiffs argue that Trans Union's credit scores are relevant to these claims. With regard to topic 13, plaintiffs state that their mortgage broker accessed a Land America credit report on August 7, 2009 that contained negative Bank of America credit information. Plaintiffs state that they wish to establish that the information reported by Bank of America was conveyed to Land America.

The Court agrees with plaintiffs that these topics are relevant to plaintiffs' claims against defendant Bank of America in this lawsuit, and thus that plaintiffs may question Trans Union's Rule 30(b)(6) witness about these matters. The Court also finds that the topics are phrased with reasonable particularity such that Trans Union can adequately prepare its witness for deposition.

## II.     Topics 24-27

Topics 24-27 cover (1) instances in which courts or juries have determined that Trans Union willfully failed to comply with the requirements of the Fair Credit Reporting Act ("FCRA") (topic 24), (2) instances in which courts have determined that there was a material issue of fact as to whether Trans Union willfully failed to comply with the FCRA (topic 25), (3) Trans Union's "response upon receipt

---

[1] Sued as BAC Home Loans Servicing, L.P.

of notice of any matter described in topic numbers 23,[2] 24 and 25 above" (topic 26), and (4) Trans Union's financial position "relative to punitive damages" (topic 27).

Trans Union objects to these topics on numerous grounds. Trans Union objects, *inter alia*, that topics 24-26 are unlimited as to time frame, are not described with reasonable particularity, and are overly broad and unduly burdensome. The Court agrees that it would be burdensome to expect a Rule 30(b)(6) witness to testify about topics 24-26, and that interrogatories would be a better method of discovery on these issues.[3] Accordingly, the Court SUSTAINS Trans Union's objections to topics 24-26.

With regard to topic 27, Trans Union objects that the term "financial condition relative to damages" is vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Although the Court finds that Trans Union's financial condition is relevant to plaintiffs' claim for punitive damages, the Court SUSTAINS the vague and ambiguous objection. The Court finds that requests for documents and/or interrogatories are a better method for seeking information about Trans Union's financial condition.

**IT IS SO ORDERED.**

Dated: January 23, 2012

SUSAN ILLSTON
United States District Judge

---

[2] It does not appear from plaintiffs' letter brief that topic 23 is in dispute. Topic 23 is "Inquiry regarding previous instances of notice to You and Your knowledge that exclusive reliance upon Your automated procedures for processing consumer disputes are unreasonable."

[3] The Court disagrees with Trans Union that these topics are irrelevant to plaintiffs' claims, as whether Trans Union was on notice of defects in its system may be relevant to whether plaintiffs can show a willful violation of the FCRA. If plaintiffs propound interrogatories on these topics, the Court directs plaintiffs to limit the interrogatories to a five year time period.

3